UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**JACOB DALTON COKER**          :          **DOCKET NO. 2:21-cv-697**
   **D.O.C.. # 587825**                                    **SECTION P**

**VERSUS**                      :          **JUDGE TERRY A. DOUGHTY**

**SHERIFF'S OFFICE CAMERON PARISH** :      **MAGISTRATE JUDGE KAY**

**REPORT AND RECOMMENDATION**

Before the court is a civil rights complaint [doc. 1] filed pursuant to 42 U.S.C. § 1983 by plaintiff Jacob Dalton Coker, who is proceeding pro se and in forma pauperis in this matter. Coker is an inmate in the custody of the Louisiana Department of Corrections ("LDOC") and is currently incarcerated at the Cameron Parish Jail in Cameron, Louisiana ("CPJ"). He names the Cameron Parish Sheriff's Office as a defendant.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the suit be **DISMISSED WITH PREJUDICE**.

**I.**
**BACKGROUND**

Plaintiff alleges that in September on 2018, on Cameron Beach, his vehicle was illegally searched, and he was wrongfully charged. He was released and picked up on year later. Doc. 1, p. 6. He requests full acquittal of charges pending in Cameron Parish.

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Coker has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (failure to state a claim).

### B. *Section 1983 – Limitations*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

Plaintiff complains of an illegal search that took place in September 2018. There is no federal statute of limitations for actions brought pursuant to §1983. Federal courts presiding over §1983 claims must borrow the statute of limitations provisions of the state in which the federal court sits. *See Owens v. Okure*, 109 S. Ct. 573, 574 (1989); *see also Elzy v. Roberson*, 868 F.2d 793 (5th Cir. 1989). Plaintiff's §1983 claim is therefore governed by Louisiana's statute of limitations provisions, which is one year. *See Elzy*, 868 F.2d at 794. This prescriptive period "commences to run from the day injury or damage is sustained." La.Civ.Code 3492. "Although state law controls the statute of limitations for §1983 claims, federal law determines when a cause of action accrues." *Rodriguez*, 963 F.2d at 803 (citing *Brummett v. Camble*, 946 F.2d 1178, 1184 (5th Cir. 1991)).

Under the federal standard, a cause of action accrues when "the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Id.* (citing *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir.1987)). Plaintiff had knowledge of the search on the date it occurred or shortly thereafter, in September 2018. Thus, he had one year from that date within which to raise his illegal search claim. He did not raise the claim until well over one year later, after the limitations period had passed. His illegal search claim is prescribed.

### III.
#### CONCLUSION

For reasons stated above, **IT IS RECOMMENDED** that the instant suit be **DISMISSED WITH PREJUDICE** under § 1915(e)(2).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and

-4-

Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 18th day of May, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE